NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VLADIMIR GAGIC, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> COUNTY OF MARICOPA; JOY RICH, Maricopa County Manager, in her official capacity, <br><br>         Defendants-Appellees. | No.   21-15857 <br><br> D.C. No. 2:21-cv-00037-MTL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted December 7, 2021**
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and
BENCIVENGO,*** District Judge.

Vladimir Gagic appeals from an order of the district court dismissing his

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

complaint without leave to amend. Gagic brought suit under 42 U.S.C. § 1983 against the County of Maricopa (the "County") and Joy Rich, Maricopa County Manager, in her official capacity, alleging two claims based on violations of the First and Fourteenth Amendments to the United States Constitution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gagic argues that the district court did not read his complaint or his response to Defendants' motion to dismiss, as evidenced by the district court mistakenly referring to Gagic as a County employee and to his complaint with the County's Human Resources ("HR") Director as an "internal complaint." While the district court did suggest that Gagic was a County employee, that conclusion has no bearing on the sufficiency of Gagic's claims. Gagic fails to establish that the County's outside counsel's request (the "Request") that Gagic direct all further communications relating to his legal claims and allegations to her, rather than to County employees, violated his rights under the First or Fourteenth Amendments.

The First Amendment, applicable to the states through the Fourteenth Amendment, prohibits state and local governments from "abridging the freedom of speech." U.S. Const. amend. I. The First Amendment means that "a government, including a municipal government vested with state authority, has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015) (internal quotation

2

marks and citations omitted). Gagic fails to establish that the Request constitutes a restriction on his freedom of speech, as it did not prohibit him from communicating with County employees or penalize him for doing so. Even if the Request were construed as a restriction on Gagic's freedom of speech, it would be permissible as a reasonable and viewpoint-neutral restriction in a limited public forum (the County's HR complaint filing system). *See Pleasant Grove City v. Summum*, 555 U.S. 460, 470 (2009). Therefore, Gagic does not plausibly allege that his First Amendment rights were violated by the Request.

The Fourteenth Amendment's Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim under § 1983, a plaintiff must allege that the defendants "acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Sampson v. County of Los Angeles*, 974 F.3d 1012, 1022 (9th Cir. 2020) (internal citations omitted). Alternatively, a plaintiff may state an equal protection claim in some circumstances by alleging that he "has been irrationally singled out as a so-called 'class of one.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (internal citations omitted). Gagic does not allege that the Request discriminated against him based on his

membership in a protected class, nor does he allege that Defendants intentionally treated him differently than others similarly situated by making the Request. *See id.* Therefore, Gagic does not state a plausible claim under either theory of equal protection under the Fourteenth Amendment.

Gagic fails to establish that the Request violated his rights under the First or Fourteenth Amendments, and thus has not alleged that he "suffered the deprivation of a federally protected right" as required to state a § 1983 claim. *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020). Accordingly, the district court did not err in dismissing Gagic's § 1983 claims premised on alleged violations of the First and Fourteenth Amendments.

**AFFIRMED.**